IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH KOCOVSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 5454 |
| | ) | |
| LUCENT RETIREMENT INCOME PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Joseph Kocovsky ("Kocovsky"), filed his second amended complaint on April 6, 2005 against defendant Lucent Retirement Income Plan ("Lucent"), alleging that Lucent violated the Employee Retirement Income Security Act of 1976, 29 U.S.C. § 1001 *et seq.*, ("ERISA"). (Dkt. No. 14). Lucent filed the present motion on July 15, 2005 for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rules"). (Dkt. No. 21). For the reasons set forth below, this court grants Lucent's motion for summary judgment.

## BACKGROUND

Kocovsky has failed to file a response to Lucent's motion for summary judgment by the August 19, 2005 deadline set in this court's March 8, 2005 scheduling order. (Dkt. No. 10). Kocovsky did not file a motion seeking an extension of time. Kocovsky's only explanation for missing the August 19th deadline was made in Kocovsky's response to Lucent's September 1, 2005 motion for ruling on its summary judgment motion and his counter motion to reset the briefing schedule. (Dkt. Nos. 23, 25). Although Kocovsky's attorney failed to appear on September 6, 2005 to present his counter motion to reset the briefing schedule, this court granted

an extension until September 13, 2005 for Kocovsky to file his response. (Dkt. No. 25).
Kocovsky missed this second deadline. Therefore, this court is proceeding to consider Lucent's
July 15, 2005 motion for summary judgment without a response from Kocovsky.

The following facts are taken from Lucent's Local Rule 56.1 Statement of Undisputed
Facts of July 15, 2005. (Dkt. No. 22). These facts are accepted as true for the purposes of
summary judgment because of Kocovsky's failure to file his required companion response under
Local Rule 56.1. *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) (noting that facts that
are uncontested are deemed admitted as true under Local Rule 56.1).

Kocovsky's employment with Lucent was terminated on May 8, 1996. (Dkt. No. 22 at ¶
1). Although he was 50 years old at the time of his separation from Lucent, Kocovsky was
eligible to receive an pension benefit. (*Id.* at ¶ 106). Under Lucent's plan, Kocovsky's pension
benefit was scheduled to start at age 65. (*Id.* at ¶ 29). However, because of his earlier separation
from Lucent, he could elect to receive his pension benefit immediately, although the pension
benefit would be reduced by an early distribution charge. (*Id.* at ¶ 106). Kocovsky's other option
was to wait until age 65 before receiving his pension benefit.

Kocovsky did not want to take either option but instead made an oral request to Lucent
that his pension benefits be paid into a separate escrow account. (*Id.* at ¶ 115). Kocovsky
believed that he was wrongly fired from Lucent and he was concerned that if he received his
pension benefits from Lucent, that fact could be used to argue that he had voluntarily retired
instead of being fired. (*Id.* at ¶ 105).

Kocovsky received Lucent's Pension Plan Information package, informing him of his
option to select an immediate payment or defer his payment, in 1996. (*Id.* at ¶ 32-39). Lucent's

2

Pension Plan Information package informed Kocovsky that Lucent's pension plan holds that any other action by the pensioner short of returning the election form choosing the immediate distribution within the 90 day period is considered to be an election to defer the distribution. (*Id.* at ¶ 29).

Kocovsky, wanting the unavailable third option of payment into a separate escrow account, did not complete or return the election form to Lucent in 1996. (*Id.* at ¶ 42). Kocovsky did engage in various correspondence with Lucent between 1997 and 2002 stating his position that he had been fired from Lucent and demanding his money from his escrow account. (*Id.* at ¶ 43-75). Lucent, however, responded that his failure to complete the election form within the 90 day period resulted in his automatic selection of the deferment. Lucent also informed Kocovsky that he had to complete the election form to start his benefits. Kocovsky did not want to complete the election form after 1996 unless Lucent retroactively applied the election to 1996 but Lucent refused. Kocovsky appealed Lucent's denial to the Pension Plan Administrator, who sided with Lucent, and then onto the Employee Benefits Committee which also affirmed Lucent's denial of Kocovsky's request. (*Id.* at ¶ 76-92). Kocovsky now seeks monetary damages in this court representing the money that he believes should have been paid into his escrow account since 1996 plus applicable interest.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a

3

motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). In considering a motion for summary judgment, this court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003). Finally, the evidence relied upon must be competent evidence of a type otherwise admissible at trial. *Stinnett v. Iron Work Gym/Exercise Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002).

## ANALYSIS

"In ERISA cases the scope of the district court's ... review is governed by the rule that a denial of benefits is reviewed *de novo* unless the plan gives the plan administrator discretion to construe policy terms." *Hess v. Reg-Ellen Mach. Tool Corp.*, – F.3d –, 2005 WL 2128246, at *3 (7th Cir. Sept. 6, 2005) (citing *Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652, 659 (7th Cir. 2005)). When the plan gives the plan administrator discretion, the court applies the "deferential arbitrary and capricious standard" of review. *Id.* (citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Lucent's plan provides discretion to the plan administrator (Dkt. No. 22 at ¶ 93), and so this court must apply the deferential arbitrary and capricious standard of

4

review.

The deferential arbitrary and capricious standard only allows this court to overturn the plan administrator's decision if the decision was "downright unreasonable." *Tegtmeier v. Midwest Operating Eng'r Pension Tr. Fund*, 390 F.3d 1040, 1045 (7th Cir. 2004) (quoting *Carr v. Gates Health Care Plan*, 195 F.3d 292, 295 (7th Cir. 1999)). "If the administrator made an informed judgment and articulates an explanation for it that is satisfactory in light of the relevant facts, then that decision is final." *Id.*

Lucent's actions in this case were not "downright unreasonable" and therefore Lucent is entitled to summary judgment. Lucent's plan allowed two options for employees like Kocovsky who left the company before their retirement age. He could start to receive his benefits, less a discount to recognize that the payments had begun early, or he could decide to defer his payments. Kocovsky's desired "third option" of payment into an escrow account was not available under the plan.

"ERISA instructs courts to enforce strictly the terms of plans." *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 553 (7th Cir. 1997) (citations omitted). Lucent's adherence to its plan, and its position that Kocovsky follow the plan's requirements when making his election, serves ERISA's purpose of strict compliance with pension plan terms. Lucent's refusal to honor Kocovsky's request for a third option is not arbitrary or capricious. "The fact that [a pensioner's] strategic decision, which did not comply with the terms of the Pension Plan, led to an unfavorable result is unfortunate, but it does not make the Pension Fund's actions unreasonable." *Tegtmeier*, 390 F.3d at 1046.

Lucent's actions are also reasonable in light of the fact that Kocovsky made his initial

request for his desired "third option" of payment into the escrow account via an oral request. "[O]ne of ERISA's primary purposes is to ensure the integrity of written plans." *Admin. Comm. of Wal-Mart Stores, Inc. v. Varco*, 338 F.3d 680, 691 (7th Cir. 2003) (citations omitted). "Oral understandings and practices may not be used to vary pension promises." *Librizzi v. Children's Memorial Med. Ctr.*, 134 F.3d 1302, 1305 (7th Cir. 1998) (citing *Cent. States Pension Fund v. Joe McClelland, Inc.*, 23 F.3d 1256 (7th Cir. 1994)). Lucent's adherence to its pension plan structure, including the requirement that Kocovsky make an election of one of the two available benefits via a written form, is reasonable.

## CONCLUSION

For the reasons set forth above, Lucent's motion for summary judgment of July 15, 2005 (Dkt. No. 21), is granted. All previously scheduled dates set in the court's scheduling order of March 8, 2005 (Dkt. No. 10), are stricken. Any other pending motions are moot. Judgment is entered in favor of defendant Lucent Retirement Income Plan against plaintiff Joseph Kocovsky.

ENTER:

James F. Holderman

JAMES F. HOLDERMAN
United States District Judge

DATE: September 22, 2005